WILLIAM H. BURNS, Plaintiff, v. ABRAHAM S. WEBER, as Director of the Budget of the State of New York, and MARK GRAVES, as Commissioner of the Department of Taxation and Finance of the State of New York, Defendants.

Supreme Court, Special Term, Albany County, July 12, 1939.

*Herman E. Cooper* [*Charles Barasch* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Edward J. Gretchen, Assistant Attorney-General,* of counsel], for the defendants.

BERGAN, J. Plaintiff was appointed as an assistant file clerk in the State Department of Taxation and Finance on May 1, 1937, at an annual salary of $840. On November 1, 1937, his salary was increased by the sum of $120 a year, to a total annual salary of $960. By chapter 859, Laws of 1937, the Legislature adopted " an act providing career opportunities in the public service of the state * * * and establishing minimum and maximum salaries and annual increments for positions in competitive and noncompetitive classes of the civil service," known as the Feld-Hamilton Act. Among other things it amended section 40 of the Civil Service Law by establishing salaries and annual increments in the several classifications of the State civil service.

Concededly the position occupied by plaintiff falls within classification 3, grade 1-b, of the statutory schedule. The minimum annual salary provided for this classification is the sum of $1,200. The maximum is $1,700 and the annual increment provided between the minimum and maximum is $100 a year over a period of five years. It is further provided by section 6 of the act that where, in a case such as this one, the annual salary of an employee is less than the minimum salary of the grade to which the position is allocated, the salary shall be increased annually by the annual increment of that grade until the " annual salary corresponds with the rate of compensation to which he is entitled."

The action is against the defendant Weber as Director of the Budget and the defendant Graves as Tax Commissioner and, as such, the administrative head of the department in which plaintiff is employed, for a declaratory judgment with reference to the increment to which plaintiff may be entitled under the statute of 1937 as amended by chapter 498 of the Laws of 1938. No increment was provided for the plaintiff in the 1938–39 budget effective July 1, 1938.

Plaintiff moves for judgment on the pleadings. It is the contention of the defendants that, since the plaintiff received an increment of $120 per annum on November 1, 1937, the statute requiring an annual increment has been satisfied for the succeeding fiscal year and that no further provision was required to have been made in the budget for the fiscal year beginning July 1, 1938. It is pointed out by defendants that the process of making the budget starts, in pursuance of the constitutional direction, in the October preceding the commencement of the next fiscal year on

July 1, and it is urged that any increment granted after that process is under way should be treated as having been made in the succeeding fiscal year.

The statute, I think, must be construed as requiring the annual increment of his grade and classification to have been paid plaintiff in the fiscal year commencing July 1, 1938, notwithstanding the increment made in the prior fiscal year. The statute seems to give explicit direction to this effect. Notwithstanding the increment of November 1, 1937, of $120, which brought the annual salary of plaintiff to $960, he was still $240 below the minimum annual salary required to be paid for his classification and grade. His salary with the increment thus made was, accordingly, "less than the minimum salary of the grade to which his position is allocated" within the provisions of section 6 of the act. In such a case, the act, as it read in 1937 when the budget in question was prepared, provided that the salary "shall, commencing July 1, 1938, be increased annually by the annual increment of the grade." This means that, if the annual salary was less than the minimum prior to July 1, 1938, as it clearly was in this case, it should have been increased by the annual increment "commencing" on that date.

This was the mandatory direction of the statute without regard to when any previous increments may have been granted, so long as the salary still continued to remain below the minimum of the grade in question. The intent of the Legislature is plain. It unmistakably said that the annual increment in such a case, whatever may have been done previously, shall be paid "commencing" at the beginning of the 1938–39 fiscal year. It required that appropriate provision should be made in the budget for that year. The rule, relied upon by defendants, of practical construction in aid of the interpretation of a statute where administrative officers over a long period of time have acted under a construction of their duties and powers in a debatable field of statutory interpretation has no application to the facts of this case, or to language, the import of which is so clear as that used in this statute.

The difficulty presented is of a different kind. The failure to pay plaintiff the increment provided by statute is due to an omission in the 1938–39 budget. The defendants did not make the budget. It was made by the Governor and the Legislature. Its adoption was governed by article IV-A of the former Constitution. The duty of the defendant Graves was to "submit to the Governor itemized estimates of appropriations to meet the financial needs" of the Department of Taxation and Finance, "including a statement in detail of all moneys for which any general or special appropriation is desired at the ensuing session of the Legislature, classified

according to relative importance and in such form and with such explanation as the Governor may require." (§ 1.)

That is the constitutional duty of the defendant Graves as head of the Department of Taxation and Finance. It is also the limitation of his power in respect of the budget. That he did not include in his " itemized estimates of appropriations " required by the Constitution the increment to plaintiff's salary required by chapter 859 of the Laws of 1937, is not a subject for a declaratory judgment at this time after the budget has been adopted without such increment by the Governor and the Legislature.

A declaration of rights relating to a budget adopted in pursuance of power vested in the Governor and the Legislature long after the budget and the appropriations made therein have become law would not only be merely gratuitous judicial advice to the administrative branch of the government but would be quite futile and ineffectual for any practical purpose. Such a declaration relating merely to the administrative acts of officers performing preliminary work in the preparation of a budget subsequently enacted into law by the authorities vested with budget-making powers under the Constitution would not constitute, it seems to me, any binding obligation upon the State to pay to the plaintiff the amount so omitted by the Governor and the Legislature. The subject is singularly beyond the reach of judicial processes in this manner and at this time.

The same conclusion must be reached with respect to the defendant Weber. His power is " to assist the Governor in his duties under the Constitution and laws of the State respecting the formulation of the budget." (Executive Law, § 14.) The constitutional responsibility for the submission of the budget to the Legislature is with the Governor and not with this defendant. It is the Governor who " shall submit to the Legislature a budget containing a complete plan of proposed expenditures and estimated revenues " (Former Constitution, art. IV-A, § 2), and it is the Legislature which enacts the budget so submitted into law (Id. § 3).

There is, accordingly, no justiciable controversy between these parties at this time which would either authorize or require a judicial declaration of their rights, nor are their interests adverse in any accepted legal sense. The matter pleaded in the complaint, accordingly, is not a subject for declaratory judgment.

Plaintiff's motion denied, without costs.