Milton Alpert, J.
This is a motion by the defendant to dismiss the instant claim on the ground that it does not state a viable cause of action.
In 1969, the Legislature created 90 fellowships in the social sciences and public and international affairs, known as the Herbert H. Lehman graduate fellowships (Education Law, § 639; L. 1969, ch. 1154).
In November of 1970, claimant made application to the New York State Education Department for one of the Herbert H. *924 Lehman graduate fellowships for the year 1971-1972 academic year. On March 12, 1971, the Education Department advised claimant that he had won one of the fellowships. On March 21, 1971, claimant accepted the fellowship which was to commence with the fall semester of 1971.
On April 12, 1971, chapter 121 of the Laws of 1971 became effective. Section 639 of the Education Law, among others, was repealed by such chapter 121 with a savings clause (§2) not applicable to claimant’s situation. The next day claimant was advised that his fellowship was canceled as a result of the legislative enactment.
Olaimant, on August 24, 1971, filed the instant claim, alleging a breach of contract and an unconstitutional impairment of contractual obligations as well as an unconstitutional enactment of chapter 121 of the Laws of 1971.
Claimant alleges that the State breached a contract between the parties. The court finds that the granting of a scholarship or fellowship is not contractual in nature. Assuming, arguendo, that it is, subdivision 2 of section 112 of State Finance Law provides for approval of the Comptroller and filing in his office before a contract for the sum alleged by the claimant becomes binding upon the State (Blatt Bowling & Billiard Corp. v. State of New York, 14 A D 2d 144). Claimant has not shown an approved and filed contract to exist.
The Constitution of the State of New York provides in section 7 of article VII as follows: ‘ ‘ No money shall ever be paid out of the state treasury or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law; nor unless such payment be made within two years next after the passage of such appropriation act; and every such law making a new appropriation or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object or purpose to which it is to be applied; and it shall not be sufficient for such law to refer to any other law to fix such sum.” By reason of the repeal of the provisions providing for the fellowships, no moneys were appropriated. This was a legislative determination, a sovereign act, which the Legislature, by its very nature, has power to make without liability to those, such as the claimant here, who are adversely affected but who do not have contractual or vested rights; this is because one Legislature cannot bind a subsequent Legislature (County of Seneca v. State of New York, 47 N. Y. S. 2d 687, 693-694, affd. 266 App. Div. 815, affd. 292 N. Y. 501; cf. Burns v. Weber, 171 Misc. 808, 810-811),
*925 With respect to this holding by the court, the court notes (1) that claimant was notified during the State’s 1970-1971 fiscal year that he was awarded a scholarship for the 1971-1972 academic year, (2) that such award was in fact in anticipation that the law authorizing the scholarship would continue to exist and of an appropriation which was expected to be made for the State’s 1971-1972 fiscal year, and (3) that, accordingly, payment of the scholarship was to be initially dependent upon the continuance of the law and the making of an appropriation for the 1971-1972 fiscal year. Absent the continuation of such law and the making of such an appropriation, it is clear that the State was not bound by the action taken by the Education Department in the 1970-1971 fiscal year.
The court finds that claimant’s contention, that chapter 121 of the Laws of 1971 was invalidly enacted for alleged failure of the Governor to comply with ‘1 message of necessity ’ ’ requirements of the Constitution (art. Ill, § 14), is not pertinent or helpful to claimant, even assuming he could sustain such attack notwithstanding the decision in Finger Lakes Racing Assn. v. New York State Off-Track Betting Comm. (30 N Y 2d 207). This is because, in any event, in the absence of an appropriation or a contractual right as considered above, the claim is without foundation and cannot be considered to state a valid cause of action.
The court has considered other arguments made in the brief submitted on behalf of claimant and believes that it is not necessary to discuss.them because the above holdings would, in any event, require the granting of the defendant’s motion.
The motion of the defendant must be granted and the claim is dismissed.